duce such evidence, he was not entitled to summary judgment.

Finally, I am distressed that the majority has chosen to include, out of context, the statement in *Mazer v. Security Insurance Group*, 368 F.Supp. 418, 422 (E.D.Pa.1973), *aff'd* 507 F.2d 1338 (3d Cir.1975), that "an attorney is presumed to have discharged the duties of his representation until the opposite has been made to appear." In *Mazer*, the issue of legal malpractice was tried before the judge as factfinder, and the statement was made immediately after the court found that plaintiff had failed to meet his burden of proof. There was expert evidence at the trial introduced by defendants supporting a judgment for defendant. The court did not apply any "presumption" to support a motion for summary judgment on the basis of defendant's own affidavits. Attorneys are no different than any other professionals and have a duty to conform to the accepted standard of professional practice. I know of no basis for establishing a presumption that they have done so.

I believe that the majority's result is contrary to *Lentino*, distinguishable from *Zimmer*, and in violation of the basic principles governing summary judgment motions. For the foregoing reasons, I respectfully dissent.

ORDER

K.K. HALL, Circuit Judge.

Appellee Phyllis A. Anderson has filed a motion to vacate award of costs to appellant and award costs to appellee, and appellant Bessemer City has responded in opposition to the motion.

On September 19, 1983, this Court reversed the judgment of the district court and thereafter awarded Bessemer City $1,009.40 in costs. 717 F.2d 149 (4th Cir.) reversing 557 F.Supp. 412. On March 19, 1985, the Supreme Court of the United States reversed the judgment of this Court and awarded Anderson $7,167.50 in costs. —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518. Anderson now seeks to vacate this Court's previous award of costs to Bessemer City and to award costs in her favor.

IT IS HEREBY ORDERED that Anderson's motion is granted, the previous award of costs in favor of Bessemer City is vacated, and Anderson is awarded $312.00 in costs as the prevailing party.

Entered with the concurrences of Circuit Judges RUSSELL and WIDENER.

---

**Phyllis A. ANDERSON, Appellee,**

v.

**CITY OF BESSEMER CITY, NORTH CAROLINA, Appellant.**

No. 83–1278.

United States Court of Appeals, Fourth Circuit.

May 8, 1985.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

---

**Phyllis A. ANDERSON, Appellee,**

v.

**CITY OF BESSEMER CITY, NORTH CAROLINA, Appellant.**

No. 83–1278.

United States Court of Appeals, Fourth Circuit.

May 24, 1985.